IN THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

LEOTIS TURNER,

    Plaintiff,                 CASE NO.:

v.

CONVERGENT OUTSOURCING, INC.,

    Defendant.

_____/

## STATEMENT OF CLAIM
## JURY DEMAND

NOW INTO COURT, through undersigned counsel, comes LEOTIS TURNER, the Plaintiff herein, and hereby filed this Statement of Claim against CONVERGENT OUTSOURCING, INC., the Defendant herein, and hereby states as follows:

### PART I: INTRODUCTION

1. This is an action for damages which exceeds $5,000.00 in any single count; it is brought by individual consumer for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C., §1337; supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

3. This action arises out of Defendant's violations of the FDCPA, and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in its illegal effort to collect a consumer debt from Plaintiff.

4. Venue is proper in this County because the acts and transactions occurred in Florida where the Plaintiff resides and Defendant transacts business here.

## PARTIES

5. Plaintiff is a natural person who resides in the State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, a collection agency, operates from an address of 800 SW 39th Street, Renton, WA 98057. Defendant has a registered agent in the State of Florida designated to receive service of process named C T Corporation System, whose address is 1200 South Pine Island Road, Plantation, FL 33324, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Defendant is also registered with the state of Florida as a "debt collector."

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant regularly collects or attempts to collect debts for other parties.

9. Defendant is a "debt collector" as defined in the FDCPA.

10. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Defendant is a corporation licensed to do business in the State of Florida as a registered debt collector.

12. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5). Upon information and belief, Defendant is attempting to collect on a consumer debt from

Plaintiff, who used the credit at issue for personal purchases such as food, clothing, gasoline, travel, etc.

13. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

14. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

15. On or about 09/20/2017, Plaintiff notified Defendant in writing, via United States Postal Service, First Class Mail, that Plaintiff disputed and refused to pay the debt at issue. A true copy of Plaintiff's letter is attached hereto as Exhibit "A".

16. On or about 10/23/2017, Plaintiff obtained a credit report from Equifax, which showed the account not being listed as disputed. A true copy of Plaintiff's credit report is attached hereto as Exhibit "B".

## COUNT I
## FALSE REPRESENTATION OF DEBT
## IN VIOLATION OF FDCPA 15 USC § 1692(e)(2)

17. Plaintiff incorporates Paragraphs 1 through 16.

18. Defendant violated 15 USC § 1692(e)(2) by communicating false information regarding the status to Plaintiff, as seen in Exhibit "B".

19. Section 813 of the FDCPA, 15 USC § 1692k, provides for an award in the amount of the sum of actual damages, up to $1,000.00 for each violation of the Act, and costs together with a reasonable attorney's fee.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of the instant suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FALSE REPRESENTATION OF DEBT
## IN VIOLATION OF FDCPA 15 USC § 1692(e)(8)

20.   Plaintiff incorporates Paragraphs 1 through 16.

21.   15 USC § 1692(e)(8) states that communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed is a violation.

22. Defendant violated 15 USC § 1692(e)(8) by communicating information regarding the debt alleged owed by debtor to Plaintiff as follows:

    A.   Defendant failed to list the alleged debt as disputed.

23. Section 813 of the FDCPA, 15 USC § 1692k, provides for an award in the amount of the sum of actual damages, up to $1,000.00 for each violation of the Act, and costs together with a reasonable attorney's fee.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of the instant suit; and

    c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: October 23, 2017

_____
Michael Tierney, P.A.
Michael Tierney, Esquire
Florida Bar No.: 648475
918 Beard Avenue
Winter Park, Florida 32789-1806
Tel: (407) 740-0074
Attorney for Plaintiff